IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1933-WJM-STV

LEAH R. SHOSTROM,

    Plaintiff,

v.

ETHICON, INC., and
JOHNSON & JOHNSON,

    Defendants.

## ORDER STRIKING ETHICON'S MOTION TO LIMIT THE CASE-SPECIFIC TESTIMONY OF BRUCE ROSENZWEIG, M.D.

Before the Court is Defendants Ethicon, Inc. and Johnson & Johnson's (jointly, "Ethicon") Motion to Limit the Case-Specific Testimony of Bruce Rosenzweig, M.D. ("Motion to Limit") (ECF Nos. 42, 43). Plaintiff Leah R. Shostrom responded in opposition (ECF No. 45), and Ethicon replied (ECF No. 47).

The Court has reviewed the parties' briefing on the Motion to Limit and concludes that they have not developed their arguments and marshaled the evidence such that the Court can properly discharge its gatekeeping role under Federal Rule of Evidence 702. *See Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004) (district court must act as a "gatekeeper" in admitting or excluding expert testimony). While the Court will identify a few specific problems, these issues are by no means exhaustive; the parties are directed to carefully review their briefing and evidence on refiling and include sufficient argument, evidence, and citations to relevant *Colorado* federal authority so the

Court may decide whether to exclude Dr. Rosenzweig's testimony.

In the Motion to Limit, Ethicon asks the Court to "preclude Dr. Rosenzweig from testifying that Plaintiff would not have been injured if she had undergone a procedure that did not implant synthetic mesh." (ECF No. 43 at 2.) Ethicon identifies the alternatives suggested by Dr. Rosenzweig and argues that the alternatives are "procedures" and not "designs" or "medical devices," rendering them irrelevant and inadmissible. Ethicon cites numerous cases, none of which appear to apply Colorado law, for support. Setting that deficiency aside, Ethicon still provides no basis for the Court to evaluate why each of the alternatives suggested by Dr. Rosenzweig are procedures and not designs; instead, Ethicon assumes that because it says they are procedures, it must be so. Similarly, Shostrom apparently argues that the alternatives are designs simply because Dr. Rosenzweig says they are. (ECF No. 45 at 4–5.) Like Ethicon, Shostrom provides no basis for the Court to evaluate why each of the alternatives are designs, not procedures.

The Court has now read numerous pelvic mesh opinions cited by the parties and observes that various courts have reached conclusions about some of the alternatives Dr. Rosenzweig suggests. *See, e.g.*, *Heatherman v. Ethicon, Inc.*, 2020 WL 5798533, at *9 (D. Colo. Sept. 29, 2020) (reaching conclusions regarding the Burch procedure and autologous sling).[1] The Court discerns no basis in the briefing for it to reach specific conclusions as District Judge R. Brooke Jackson did in *Heatherman*.[2]

---

[1] The Court notes that neither party provided *Heatherman* as supplemental authority, even though it appears to be one of the only other pelvic mesh cases involving Ethicon in the District of Colorado.

[2] To the extent the parties rely on their summary judgment briefing related to the design defect claim on this point, the Court finds it insufficient. As an initial matter, it is part of the

2

Ethicon also requests that the Court exclude Dr. Rosenzweig's opinions concerning degradation, deformation, and other alleged characteristics of Prolift and TVT Secur mesh.  (ECF No. 43 at 5.)  Based on Shostrom's response brief, it appears as though Ethicon has simply ignored Dr. Rosenzweig's deposition testimony—much of which addresses Ethicon's arguments—the pathology report, and Shostrom's medical records.  In the reply brief, when Ethicon does address some of the expert's deposition testimony, it does not address the various portions of testimony which directly contradict its position.

The Court could go on.  Suffice it to say that the parties must do better.  Ethicon, in particular, is directed to carefully consider what aspects of Dr. Rosenzweig's testimony it can ask the Court to strike in good faith and under the bounds of Rule 702.

Based on the foregoing, the Court STRIKES the parties' briefing on Ethicon's Motion to Limit the Case-Specific Testimony of Bruce Rosenzweig, M.D. (ECF Nos. 42, 43, 45, 47.)  By **March 19, 2021**, Ethicon may file a new Rule 702 motion.  The remaining briefing schedule shall comply with D.C.COLO.LCivR 7.1(d).

---

summary judgment briefing, not the Rule 702 briefing.  Additionally, much of the parties' arguments are statements without citation to any authority, implying the Court should merely take the parties' word for these propositions.  For example, Ethicon states, "Autologous repairs involve harvesting tissue from another part of the patient's body . . . there is no regulated medical device involved at all."  (ECF No. 41 at 9.)  Similarly, Shostrom repeatedly refers to and relies on Dr. Rosenzweig's "safer design opinions" (ECF No. 44 at 8) to contest Ethicon's arguments, but such reliance assumes they are designs, not procedures.

Dated this 26th day of February, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4