**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1933-WJM-STV

LEAH R. SHOSTROM,

      Plaintiff,

v.

ETHICON, INC., and
JOHNSON & JOHNSON,

      Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE RESERVED-ISSUE BRIEFING REGARDING THE PARTIES' PENDING GENERAL *DAUBERT* MOTIONS FILED IN THE MDL**

---

Before the Court is Defendants Ethicon, Inc. and Johnson & Johnson's (jointly, "Ethicon") Motion for Leave to File Reserved-Issue Briefing Regarding the Parties' Pending General *Daubert* Motions Filed in the MDL.  (ECF No. 109.)  Plaintiff Leah R. Shostrom filed a response in opposition.  (ECF No. 111.)  The Court did not permit a reply brief.  (ECF No. 110.)

After this case was transferred here from MDL 2327, the parties submitted a Joint Status Report on the matters remaining for disposition.  (ECF No. 87.)  The Joint Status Report explains that during proceedings before the MDL, the parties filed motions challenging certain opinions of general and case-specific experts under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579

(1993).  (*Id.* at 3.)  Shostrom filed six motions, and Ethicon filed five motions.[1]  (ECF No. 109 at 2.)

There were 14 waves—groups of cases designated for pretrial discovery and motion practice under the same timeline—in the MDL.  (ECF No. 87 at 3.)  This case was part of Wave 11.  (*Id.* at 4.)  In Waves 1–7 of the MDL, the MDL Court entered orders ruling on the parties' general *Daubert* motions.  (*Id.* at 3.)  Generally, the orders issued in Waves 2 through 7 adopted United States District Judge Joseph R. Goodwin's Wave 1 Order while also reserving arguments not addressed by the Wave 1 Order for resolution at trial.  (*Id.*)  However, the MDL Court did not enter any orders in Wave 11 on any *Daubert* motions prior to transferring this case to this Court.  (*Id.* at 4.)

In the Motion, Ethicon proposes that the parties file separate motions on each general expert that sets forth only the remaining issues that the MDL Court did not rule on.  (ECF No. 109 at 3.)  Ethicon suggests that the briefs would update the previously filed motions with recent case law and rulings but would not raise new issues.  (*Id.*)  According to Ethicon, the "issues and objections raised in the parties' general *Daubert* motions which were not ruled on by the MDL Court during prior waves are relevant and ripe for consideration and resolution by this Court."  (*Id.* at 2.)  Ethicon does not explain what or how many issues were reserved which now require the Court's attention.

In her opposition to the Motion, Shostrom states that Ethicon is effectively asking this Court to reconsider every *Daubert* ruling where Judge Goodwin concluded that an

---

[1] Shostrom's five experts are: (1) Bruce A. Rosenzweig, M.D.; (2) Daniel Elliott, M.D.; (3) R. Brian Raybon, M.D.; (4) Dr. Jimmy W. Mays; and (5) Alan D. Garely, M.D.  (ECF No. 111 at 3 n.1.)  Ethicon's six experts are: (1) Brian Flynn, M.D.; (2) Salil Khandwala, M.D.; (3) Steven MacLean, Ph.D.; (4) Jaime L. Sepulveda-Toro, M.D.; (5) Dr. Edward Stanford; and Timothy Ulatowski.  (*Id.*)

issue should be reserved for trial.  (ECF No. 111 at 1, 3.)  Shostrom provides examples

of such reserved issues related to Ethicon's expert, Dr. Flynn, including, but not limited

to: the reliability of Dr. Flynn's testimony about mechanical-cut and laser-cut mesh and

Dr. Flynn's testimony about safety and efficacy.  (*Id.* at 4.)  Additionally, Judge

Goodwin's *Daubert* orders reserved ruling on generalized issues that occurred with

many experts, such as issues regarding compliance with design control and risk

management standards.

    To that end, it is worth noting Judge Goodwin's observations in one sample

*Daubert* order to understand his rationale for deferring ruling:

> Finally, I have attempted to resolve all possible disputes
> before transfer or remand, including those related to the
> admissibility of expert testimony pursuant to *Daubert*.
> Nevertheless, in some instances I face *Daubert* challenges
> where my interest in accuracy counsels reserving ruling until
> the reliability of the expert testimony may be evaluated at
> trial.  At trial, the expert testimony will be tested by precise
> questions asked and answered.  The alternative of live
> *Daubert* hearings is impossible before transfer or remand
> because of the numerosity of such motions in these seven
> related MDLs.  As these MDLs have grown and the expert
> testimony has multiplied, I have become convinced that the
> critical gatekeeping function permitting or denying expert
> testimony on decisive issues in these cases is best made
> with a live expert on the witness stand subject to vigorous
> examination.
>
> In the course of examining a multitude of these very similar
> cases involving the same fields of expertise, I have faced
> irreconcilably divergent expert testimony offered by
> witnesses with impeccable credentials, suggesting, to me,
> an unreasonable risk of unreliability.  The danger—and to
> my jaded eye, the near certainty—of the admission of "junk
> science" looms large in this mass litigation.
>
> The parties regularly present out-of-context statements,
> after-the-fact rationalizations of expert testimony, and
> incomplete deposition transcripts.  This, combined with the

> above-described practice of recycling expert testimony,
> objections, and the court's prior rulings, creates the perfect
> storm of obfuscation.  Where further clarity is necessary, I
> believe it can only be achieved through live witness
> testimony—not briefing—I will therefore reserve ruling until
> expert testimony can be evaluated firsthand.

(ECF No. 63-11 at 3–4.)

In her response, Shostrom suggests that the Court should adopt the latest ruling from the MDL Court regarding the parties' motions, including reserving ruling on any remaining issues until trial and when the undersigned has the benefit of a full record and actual evidence to provide context regarding the disputed issues.  (ECF No. 111 at 7.) Further, Shostrom suggests that to the extent the Court determines these issues should be addressed before trial, these evidentiary issues can be addressed through motions *in limine*, rather than completely rebriefing the *Daubert* motions for eleven experts.  (*Id.* at 8–9.)

As an initial matter, the Court disapproves of this eleventh-hour Motion by Ethicon.  It is clear from the Joint Status Report, the Final Pretrial Order, and the briefing on the Motion that the parties were aware of this issue from the moment the case was transferred from the MDL.  Why Ethicon waited until June 15, 2021, knowing that this case was spun off from the MDL and did not originate before the undersigned, and the volume of the Court's docket, to file this Motion—which potentially requires rulings on numerous issues related to no less than *eleven* expert witnesses—is beyond comprehension.  It speaks to the poor quality of lawyering previously highlighted by the Court in previous Orders.  (*See* ECF Nos. 99, 100.)  Nonetheless, the Court must proceed.  In ruling on the Motion, the Court will attempt to balance the need for rulings in advance of trial with the Court's voluminous docket.

The Court will adopt the relevant MDL orders on the parties' experts.[2]  (ECF No. 87 at 4–21; ECF Nos. 63-3, 63-11, 64-5, 65-2, 65-7, 66-5, 67-1, 67-9, 68-3, 68-10.) Bearing in mind that the undersigned is not the author of these MDL orders, to the extent the parties rely on these MDL orders at trial or otherwise, they will be required to briefly explain the ruling and cite the docket entry and page number of the order so the Court may properly evaluate the issue.

The Court will permit the parties to each file a single motion *in limine* for issues reserved in the MDL orders.[3]  As noted above, Ethicon unhelpfully did not explain the scope of the request in terms of how many or what type of issues remain.  Under these circumstances, the Court will permit the parties to each file one motion of no more than 25 pages.  The Court directs the parties to carefully consider the issues they raise in this briefing, keeping in mind the measured reasons Judge Goodwin noted in reserving some issues for trial.  The undersigned does not wish to waste judicial resources merely reiterating Judge Goodwin's rulings on reserved issues.  Additionally, the Court directs the parties *not* to incorporate large depositions, expert reports, or prior motions or orders by reference to save space; instead, the parties must cite specific docket entries and page numbers to support their arguments.  To the greatest extent possible, the parties shall cite applicable Tenth Circuit or Colorado case law.  Finally, to the extent

---

[2] Based on the chart provided in the Joint Status Report, it appears as though Judge Goodwin did not enter an order regarding Dr. Stanford.  (ECF No. 87 at 13.)  If he did enter such an order, Shostrom is directed to provide the Court with a notice informing the Court of the location of the order on the docket.

[3] The Court views these motions *in limine* on reserved issues as special motions, and thus the Court will impose deadlines and page limits different than it would for typical motions *in limine*.  For any other motions *in limine*, the Court expects the parties to comply with the undersigned's Revised Practice Standards III.G for all parameters, including deadlines and page limits.

other judges have ruled on identical issues regarding the respective expert witness or medical devices, the parties must cite such binding or persuasive authority.

For the reasons set forth above, the Court ORDERS:

1.      The Court ADOPTS Judge Goodwin's Orders from MDL 2327 for Daniel Elliott, M.D. (ECF No. 63-3), Allen Garely, M.D. (ECF No. 63-11), Dr. Jimmy Mays, (ECF No. 64-5), Dr. Brian Raybon (ECF No. 65-2), Bruce Rosenzweig, M.D. (ECF No. 65-7), Brian Flynn, M.D. (ECF No. 66-5), Salil Khandwala, M.D. (ECF No. 67-1), Steven MacLean, Ph.D. (ECF No. 67-9), Jaime L. Sepulveda-Toro, M.D. (ECF No. 68-3), Timothy Ulatowski (ECF No. 68-10);

2.      If Judge Goodwin entered an MDL Order concerning the opinions of Dr. Edward Stanford, Shostrom is DIRECTED to provide the Court with a notice informing the Court of the docket entry number by **September 10, 2021**;

3.      Defendants Ethicon, Inc. and Johnson & Johnson's Motion for Leave to File Reserved-Issue Briefing Regarding the Parties' Pending General *Daubert* Motions Filed in the MDL  (ECF No. 109) is GRANTED to the extent stated herein;

4.      On or before **September 10, 2021**, the parties may each file one motion *in limine* of no more than 25 pages setting forth the reserved issues;

5.      On or before **October 1, 2021**, the parties shall file response briefs of no more than 25 pages; and

6.      On or before **October 15, 2021**, the parties shall file reply briefs of no more than 15 pages.

Dated this 19th day of August, 2021.

BY THE COURT:

William J. Martinez
United States District Judge