IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1933-WJM-STV

LEAH R. SHOSTROM,

 Plaintiff,

v.

ETHICON, INC., and
JOHNSON & JOHNSON,

 Defendants.

## FURTHER ORDER ON ETHICON'S MOTION FOR SUMMARY JUDGMENT

 On March 2, 2021, the Court issued its Order Granting In Part, Denying In Part, and Deferring In Part Ethicon's Motion for Summary Judgment.  (ECF No. 100.)  This Order memorializes the Court's rulings on the two claims on which the Court deferred ruling: Plaintiff Leah R. Shostrom's claim for strict liability - design defect (Count V) and strict liability - manufacturing defect (Count II).  (*Id.* at 11–12.)  The Court deferred ruling on these claims because it found that analysis of the issues relevant to those claims was inextricably intertwined with Ethicon's Motion to Limit the Case-Specific Testimony of Bruce Rosenzweig, M.D. ("Motion to Limit").  (*Id.*)  Because the Court directed the parties to rebrief the Motion to Limit, the Court deferred ruling on those claims until it resolved the amended Motion to Limit.  Now that the Court has issued its ruling on the Motion to Limit (ECF No. 139), it will rule on the outstanding claims.

 First, the Court will deny Ethicon's Motion for Summary Judgment as to Shostrom's strict liability - design defect claim.  The Court has determined that Dr.

Rosenzweig may testify that the autologous fascia sling and allograft sling such as Repliform are substitute products for the TVT-Secur ("TVT-S"), and that the autologous fascia lata pelvic organ prolapse ("POP") repair and Repliform cadaveric fascia POP repair are substitute products for the Prolift. (*Id.* at 10.) Therefore, the Court finds that Shostrom has raised a genuine issue of material fact as to whether a practicable design alternative for the medical devices at issue existed.

Next, the Court denies Ethicon's Motion for Summary Judgment as to Shostrom's strict liability - manufacturing defect claim. In its Motion for Summary Judgment, Ethicon merely argues that Shostrom had "no evidence on this theory" and that "[t]here is no evidence that the product implanted in Plaintiff deviated from Ethicon's manufacturing specifications." (ECF No. 41 at 11.) Additionally, Ethicon argues that "no expert for Plaintiff has opined that a deviation from the manufacturer specifications caused an injury to Plaintiff." (*Id.*)

As explained in the Order Granting In Part and Denying In Part Ethicon's Motion to Limit the Case-Specific Testimony of Bruce Rosenzweig, M.D., the Court will permit Dr. Rosenzweig to offer opinions concerning degradation, deformation, and other alleged characteristics of the TVT-S mesh. (ECF No. 139 at 11.) Further, Ethicon did not seek to exclude Dr. Rosenzweig's opinions that the Prolift mesh degraded and deformed. (ECF No. 102 at 8 n.7; ECF No. 104 at 9.) Therefore, the Court also finds that Shostrom has raised a genuine issue of material fact as to whether a manufacturing defect exists in connection with the TVT-S and Prolift devices.

Therefore, given the foregoing, the Court ORDERS that Ethicon's Motion for Summary Judgment on Shostrom's claims for strict liability - design defect (Count V)

and strict liability - manufacturing defect (Count II) (ECF No. 41 at 10–11) is DENIED.

Dated this 10th day of February, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge