IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1933-WJM-STV

LEAH R. SHOSTROM,

    Plaintiff,

v.

ETHICON, INC., and
JOHNSON & JOHNSON,

    Defendants.

---

ORDER CONCERNING EVIDENCE TO SUPPORT PLAINTIFF'S
COLORADO CONSUMER PROTECTION ACT CLAIM

---

On May 26, 2022, the Court issued its Order on Motions in Limine ("MIL Order").

(ECF No. 196.)  In relevant part, the Court ruled:

> To prove up her CCPA[1] claim, Plaintiff [Leah R. Shostrom] may introduce evidence of other lawsuits involving Prolift. Because this evidence is not being offered to show that Defendants were on notice of Prolift's alleged defects, but is instead offered to prove an element of her CCPA claim, Plaintiff may only introduce evidence of lawsuits that post-date her implant surgery.  However, the Court finds that evidence of other lawsuits involving unrelated products manufactured by Johnson & Johnson companies, including other medical devices, drugs, and cosmetic products, are irrelevant and prejudicial under Rule 403, and are excluded.

(*Id.* at 18–19.)

At the June 8, 2022 Final Trial Preparation Conference in this case, Defendants Ethicon, Inc. and Johnson & Johnson (jointly, "Defendants") raised the issue of whether

---

[1] CCPA refers to the Colorado Consumer Protection Act.  Colo. Rev. Stat. § 6-1-101 *et seq.*

Plaintiff should be permitted to introduce evidence of *out-of-state* lawsuits involving Prolift that post-date Plaintiff's surgery. (*See* ECF No. 207.) As a result, the Court ordered supplemental briefing from both parties on this issue. (*Id.*) Defendants filed Defendants' Trial Brief, which the Court construes as a motion to amend that portion of the Court's MIL Order concerning Plaintiff's ability to introduce evidence of other lawsuits involving Prolift ("Construed Motion"). (ECF No. 208.) Plaintiff filed a Response to Defendants' Trial Brief ("Response"). (ECF No. 213.) The Court has thoroughly reviewed the parties' briefs and makes the following rulings.

First, the Court addresses Defendants' primary argument: that the Court should preclude Plaintiff from introducing evidence of out-of-state lawsuits involving Prolift that post-date Plaintiff's surgery. Defendants argue that the Court should not apply the CCPA extraterritorially, relying on a District of Colorado opinion which found that the plaintiffs had failed to overcome the presumption that the CCPA does not apply extraterritorially, *Airquip, Inc. v. HomeAdvisor, Inc.*, 2017 WL 4222618, at *6, *7 (D. Colo. Sept. 21, 2017). (ECF No. 208 at 3.) The Court determines that Defendants' reliance on *Airquip* is inapposite. Unlike here, none of the plaintiffs in that case were citizens of Colorado, and therefore, the reasoning in *Airquip* is distinguishable. *See id.* at *7 ("none of the plaintiffs resides in Colorado or was harmed in Colorado" and "the CCPA does not apply to this dispute").

However, the Court concludes that Defendants' broader reliance on the Supreme Court's decisions in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 572 (1996), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 421–22 (2003), support Defendants' position. Importantly, the Court notes that while Plaintiff addresses

2

*Airquip* in her Response, she utterly fails to address either *BMW* or *State Farm*. (*See generally* ECF No. 213.)  In *BMW*, the Supreme Court concluded that it follows from "principles of state sovereignty and comity that a State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' lawful conduct in other States."  517 U.S. at 572.  Later, in *State Farm*, the Supreme Court found that "as a general rule," a state does not "have a legitimate concern in imposing punitive damages to punish a defendant for unlawful acts committed outside of the State's jurisdiction."  538 U.S. at 421.

"The purpose of the CCPA is to protect Colorado consumers."  *O'Connor v. BMW of N. Am., LLC*, 2020 WL 1303285, at *6 (D. Colo. Mar. 19, 2020).  The Court agrees with Defendants' statement that "evidence of out-of-state lawsuits cannot make it more or less probable that the *Colorado* consumers protected by the Act were harmed." (ECF No. 208 at 4 (emphasis in original).)  In light of the principles articulated by the Supreme Court in *BMW* and *State Farm*, as well as Plaintiff's failure to provide authority to the contrary,[2] the Court will grant that portion of the Construed Motion requesting that the Court exclude evidence of out-of-state lawsuits involving Prolift that post-date Plaintiff's surgery to support her CCPA claim.

Additionally, the Court finds that it improvidently expanded the scope of its evidentiary ruling on this issue beyond its original intent.  In its MIL Order, the Court permitted Plaintiff to introduce evidence of "other lawsuits involving Prolift." (ECF No.

---

[2] Plaintiff's Response relies on conclusory statements without citations to binding authority to support her position.  (*See, e.g.*, ECF No. 213 at 2 ("There is no question these circumstances demonstrate public impact."); *id.* at 3 ("Plaintiff acknowledges that a Colorado jury should assess punitive damages regarding harms that occurred within Colorado.  However, this plainly does not mean the Court should then exclude all extraterritorial evidence.").)  It is also particularly revealing that Plaintiff's Response fails to address *BMW* and *State Farm*.

196 at 18–19.)  Defendants correctly point out that the mere fact a lawsuit was filed is not evidence that the claims asserted therein have any merit.  (ECF No. 208 at 2 n.2 (citing *McNees v. Ocwen Loan Servicing, LLC*, 853 F. App'x 211, 220 (10th Cir. 2021) (quoting *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (per curiam) (affirming ruling at trial excluding plaintiff's "brief summary of claims, lawsuits, and complaints . . ., which amounts to nothing more than a summary of allegations by others which constitute hearsay")); *Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 2014 WL 12843521, *2–3 (E.D.N.Y. Jan. 27, 2014) (noting that, while actual evidence collected in other litigation can be admissible, allegations from pleadings in other litigation are not)).)

Therefore, the Court vacates that portion of its MIL Order permitting Plaintiff to introduce evidence of other lawsuits involving Prolift that post-date Plaintiff's surgery.  The Court grants that portion of the Construed Motion requesting that the Court limit Plaintiff to introducing evidence of other settlements and verdicts involving Prolift that post-date Plaintiff's surgery.

In sum, the Court will permit Plaintiff to introduce evidence of other Colorado settlements and verdicts involving Prolift that post-date her surgery to support her CCPA claim.

Dated this 22nd day of June, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge